IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN A. SMITH,

      Plaintiff,                    No. CIV S-11-1410 EFB P

      vs.

RANDY GROUNDS, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed an original complaint on April 7, 2011, and subsequently filed three amended complaints. *See* Dckt. Nos. 1, 5, 10, 14. In addition to filing the complaints, plaintiff filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.     Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Pursuant to § 1915A, the court has reviewed plaintiff's third amended complaint, Dckt. No. 14, which supercedes the earlier filed complaints, and finds it does not state a cognizable

claim. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, to proceed plaintiff must file an amended complaint.

Plaintiff names the following defendants: Randy Grounds, warden; Haviland, warden; Peck; Wamble; and Knudson. He alleges that he was found guilty of a rules violation based on his alleged participation in a work strike, but that through the administrative appeals process, the rule violation was dismissed because of evidence that the reason for plaintiff's failure to report to work was that he was sick. He claims he was awarded money through the administrative appeal process, but has not yet received any money. Plaintiff also alleges that defendant Peck said he could not guarantee plaintiff's safety at work, and to punish plaintiff for refusing to put himself in danger, issued the rules violation, which took away plaintiff's rights and privileges, and violated disciplinary procedures. Plaintiff also claims that defendant Haviland sanctioned the "inhumanity" that forced the workers to strike, that defendant Knudson told inmate work supervisors to order inmates to go to work despite the danger that it posed to their lives, and that defendant Wamble gave false statements to reporters that inmates were not being penalized for their actions regarding the strike.

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

### A.   Supervisory Defendants

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

3

(2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The complaint does not sufficiently alleged how either warden Grounds or warden Haviland personally participated in violating plaintiff's rights, and plaintiff appear to have named them as defendants solely because of their alleged supervisory roles.

**B.     Rules Violation Report**

Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 952 (2nd Cir. 1986). To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff does not have a property or liberty interest in a prison job that is protected by the Due Process Clause. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). Moreover, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary

4

charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67).

The complaint does not contain sufficient factual allegations to state a claim that any aspect of or proceeding relating to the rule violation report resulted in a deprivation of plaintiff's due process rights.

### C.   Denial of Payment Based on Grant of Administrative Appeal

Where a prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such a remedy for prisoners. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing California Government Code §§ 810-895). Plaintiff's allegation of an unauthorized deprivation of money owed to him thus fails to state a cognizable due process claim.

### D.   Deliberate Indifference to Safety

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Id.* at 837.  A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.* at 844. The complaint does not include sufficient factual allegations to plausibly allege that Knudson, Peck, or any other defendant, was deliberately indifferent to plaintiff's safety.

### E. Wamble's Comments to Reporters

Plaintiff alleges defendant Wamble made untrue statements to reporters.  It is unclear what federal right, if any, plaintiff claims that Wamble violated.  To the extent plaintiff intends to allege a defamation claim, he is hereby informed that defamation is a state-law cause of action rather than a claim under the federal Constitution, and a "claim for violation of state law is not cognizable under § 1983." *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007).

### F. State Law Claims

Plaintiff alleges defendants violated various state statutes and regulations. The California Government Claims Act ("Act") requires that a plaintiff who seeks to prosecute a state tort claim for damages against a state employee first present that claim to the California Victim Compensation and Government Board.  Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 911.4, 911.6, 945.4, 950-950.2; *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245 (2004).  To state a tort claim against a state employee, the plaintiff must allege compliance with the Act's presentation requirement. *Bodde*, 32 Cal.4th at 1245; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has not pled compliance with the Act's claim presentation requirement.

## III. Leave to Amend

For the reasons stated above, the complaint fails to state a claim upon which relief may be granted.  Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

6

1  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
2  their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
3  shall clearly set forth the claims and allegations against each defendant. Any amended
4  complaint must cure the deficiencies identified above and also adhere to the following
5  requirements:

6  Any amended complaint must be complete in itself without reference to any prior
7  pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once
8  plaintiff files an amended complaint, the original pleading is superseded.

9  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an
10 amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
11 complaints).

12 Accordingly, the court hereby orders that:

13 1. Plaintiff's request to proceed in forma pauperis is granted.

14 2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
15 accordance with the notice to the Director of the California Department of Corrections and
16 Rehabilitation filed concurrently herewith.

17 3. The complaint is dismissed with leave to amend within 30 days. The amended
18 complaint must bear the docket number assigned to this case and be titled "Fourth Amended
19 Complaint." Failure to comply with this order will result in this action being dismissed for
20 failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the
21 court will proceed with service of process by the United States Marshal.

22 Dated: February 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE