IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN A. SMITH,

        Plaintiff,                 No. 2:11-cv-1410 EFB P

    vs.

RANDY GROUNDS, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

**I.    Screening Requirement and Standards**

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**II.    Background**

On February 28, 2012, the court reviewed plaintiff's third amended complaint, which superceded the earlier filed complaints, and found it did not state a cognizable claim for purposes of § 1915A screening. Dckt. No. 15.

Plaintiff named the following defendants: Randy Grounds, Warden; Haviland, Warden; Peck; Wamble; and Knudson. He alleged that he was found guilty of a rules violation based on his alleged participation in a work strike, but that through the administrative appeals process, the rule violation was dismissed because of evidence that the reason for plaintiff's failure to report to work was that he was sick. He claimed he was awarded money through the administrative

appeal process, but has not yet received any money. Plaintiff also alleged that defendant Peck said he could not guarantee plaintiff's safety at work, and to punish plaintiff for refusing to put himself in danger, issued the rules violation, which took away plaintiff's rights and privileges, and violated disciplinary procedures. Plaintiff also claimed that defendant Haviland sanctioned the "inhumanity" that forced the workers to strike, that defendant Knudson told inmate work supervisors to order inmates to go to work despite the danger that it posed to their lives, and that defendant Wamble gave false statements to reporters that inmates were not being penalized for their actions regarding the strike.

The court found that the complaint did not sufficiently allege how either Warden Grounds or Warden Haviland personally participated in violating plaintiff's rights, and that plaintiff appeared to have improperly named them as defendants solely because of their alleged supervisory roles. The court also found that the complaint did not contain sufficient factual allegations to state a claim that any aspect of or proceeding relating to the rule violation report resulted in a deprivation of plaintiff's due process rights and that plaintiff's allegation of an unauthorized deprivation of money owed to him also failed to state a cognizable due process claim. Additionally, the court found that the complaint did not include sufficient factual allegations to plausibly allege that Knudson, Peck, or any other defendant, was deliberately indifferent to plaintiff's safety. As to defendant Wamble, the court informed plaintiff that it was unclear what federal right, if any, plaintiff claimed that Wamble had violated. The court gave plaintiff notice of the complaint's deficiencies and leave to amend.

### III. Fourth Amended Complaint

Plaintiff filed a fourth amended complaint on April 2, 2012.[1] Dckt. No. 18. The allegations are nearly identical to those in the third amended complaint and plaintiff's addition of

---

[1] Plaintiff improperly attempted to supplement that complaint in a piecemeal fashion on April 6, 2012 and May 7, 2012. *See* Dckt. Nos. 21, 22; E.D. Cal. L.R. 110; Fed. R. Civ. P. 15. Those filings are disregarded.

new and conclusory allegations regarding defendants' "personal involvement," do not cure the deficiencies identified in the court's screening order. *See* Dckt. No. 18 at 3-4. The complaint still fails to allege how either Warden Grounds or Warden Haviland personally participated in violating plaintiff's rights, and plaintiff appear to have named them as defendants solely because of their alleged supervisory roles. Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Additionally, plaintiff still fails to allege what federal right, if any, that Wamble violated.

The complaint now includes allegations that plaintiff was denied certain procedural protections such as advance written notice, but still fails to allege sufficient facts to demonstrate the deprivation of a liberty interest in violation of plaintiff's due process rights. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff does not have a property or liberty interest in a prison job that is protected by the Due Process Clause. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). Moreover, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate

in relation to the ordinary incidents of prison life." *Id*. at 484.

Additionally, the complaint still does not include sufficient factual allegations to plausibly allege that Knudson, Peck, or any other defendant, was deliberately indifferent to plaintiff's safety in violation of the Eighth Amendment. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834.

For these reasons, plaintiff has failed to state a cognizable claim despite notice of the complaint's deficiencies and an opportunity to amend. Plaintiff appears to be unable to state a cognizable claim for relief. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.")

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed for failure to state a claim and the Clerk is directed to close this case.

Dated: October 23, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE